UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUBREY HAYNES #186180,

        Plaintiff,                Case No. 1:12-cv-355

v.                                    Honorable Robert J. Jonker

JOHN PRELESNIK et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Aubrey Haynes, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v.*

*Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the court entered dismissals because they were frivolous, malicious, or failed to state a claim. *See Haynes v. Henley*, No. 2:96-cv-118 (W.D. Mich. July 9, 1996); *Haynes v. Zylstra*, No. 4:92-cv-127 (W.D. Mich. Sept. 18, 1992); *Haynes v. Johnson*, No. 5:90-cv-60183 (E.D. Mich. Sept. 18, 1990); *Haynes v. Barth*, No. 2:90-cv-71053 (E.D. Mich. May 31, 1990). Although three of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604; *see also Haynes v. Granholm et al.*, No. 2:05-cv-130 (W.D. Mich. Aug. 22, 2005) (denying Plaintiff leave to proceed *in forma pauperis* under the three-strikes rule).

Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege facts establishing that he is under imminent danger of serious physical injury. Plaintiff presently is incarcerated at the Marquette Branch Prison (MBP), though the allegations of the complaint concern conduct by MDOC staff at the Ionia Maximum Correctional Facility (ICF).[1] Plaintiff alleges that, in April 2011, he was in the process of being transferred to protective custody at the Bellamy Creek Correctional Facility, but MDOC staff took him to ICF, where he was immediately placed in administrative segregation. At ICF, correctional officers repeatedly "verbally and sexually harassed" Plaintiff by calling him derogatory names. (Compl., docket #1, Page ID#5.) They also threw Plaintiff's food on the floor, threw his mail at him,

---

[1] It is not clear where Plaintiff was confined on the date that he filed the complaint. The form complaint used by Plaintiff provides a space for the prisoner to specify his/her place of present confinement, but that space is blank on Plaintiff's complaint. (*See* Compl., docket #1, Page ID#1.) Plaintiff's signature at the end of the complaint is dated April 2, 2012, and underneath that signature is the ICF address. (*See id.* at Page ID#9.) When the Court docketed the complaint on April 11, however, MDOC records indicated that Plaintiff was located at MBP.

tampered with and destroyed his outgoing mail, and destroyed his personal property. After Plaintiff filed a grievance about this conduct, Officer Rutgers visited Plaintiff's cell. Rutgers called Plaintiff a "nigger-boy," and told Plaintiff that Rutgers and other officers were going to enter Plaintiff's cell to "fuck [his] black ass up real good!" (*Id.* at Page ID#6.) On November 29, 2011, Rutgers and several other officers entered Plaintiff's cell, wrestled him to the floor, and restrained him in handcuffs and leg irons. As Plaintiff lay on the floor with his arms cuffed behind his back, Rutgers and the other officers repeatedly kicked, stomped on, and punched Plaintiff in his eyes, face, back, arms, groin, and legs. After the assault, Plaintiff was taken to another room while all of his personal and legal property was removed from his cell. Finally, the officers returned Plaintiff to his cell and left him in his restraints for thirty-six hours without access to food, water, or a bathroom. Plaintiff subsequently reported the officers' conduct to the wardens of the facility, but the wardens failed to take any action to investigate Plaintiff's allegations or to discipline the officers involved.

Congress did not define "imminent danger" in the PLRA, but it is significant that Congress chose to use the word "imminent," a word that conveys the idea of immediacy. "Imminent" is "Near at hand . . . impending; on the point of happening; threatening, menacing, perilous. Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening." BLACK'S LAW DICTIONARY, 514-15 (6th ed. 1991). The Sixth Circuit has held that, "to meet the [imminent danger] requirement, the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). Plaintiff's allegations describe past events rather than a future risk of harm. "[A] prisoner's assertion that he or she faced danger in the past is insufficient

to invoke the exception." *Id.* at 798; *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011) (imminent danger must be contemporaneous with the complaint's filing); *Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007) (holding that assertions of past danger do not satisfy the imminent-danger exception). The Court also notes that Plaintiff is no longer confined at the facility where Defendants are located. *See Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (holding that allegations against officials who have no control over the plaintiff's present conditions of confinement are insufficient to invoke the exception). Therefore, Plaintiff's allegations do not satisfy the imminent-danger exception to the three-strikes rule.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.

Dated: April 23, 2012            /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**